HANCOCK INSPIRATOR Co. *v.* REGESTER *et al.*

(*Circuit Court, D. Maryland.* May 5, 1888.)

PATENTS FOR INVENTIONS—PATENTABILITY—NOVELTY—BOILER INJECTORS.
 The court finds that the same question as to the validity of claim No. 3 of patent No. 185.861 was decided upon substantially the same evidence in the case of *Hancock Inspirator Co.* v. *Lally,* (in the Northern district of Illinois,) 27 Fed. Rep. 88, and that the rule of comity between the circuit courts of the United States in patent cases requires that decision to be adhered to as governing the present case.

(*Syllabus by the Court.*)

In Equity.
*Chauncy Smith* and *Elmer P. Howe,* for complainant.
*Hector T. Fenton,* for respondents.

MORRIS, J. This is a bill filed February 12, 1885, in usual form, for an injunction and other relief for alleged infringement of patent No. 185,861, dated June 2, 1877, to John T. Hancock, for an improvement in the class of instruments known as "injectors for feeding water into steam-boilers." The infringement charged against the defendants is the use and sale by them of an instrument known as the "Eberman Boiler Feeder," which is complained of as an infringement of the third claim of the complainant's patent. The third claim is as follows: "(3) The combination of an injector for forcing water into a boiler, and a second injector communicating with the well and communicating with and supplying water to the first, substantially as described." The defendants bring to the attention of this court that since the institution of this suit, in a case then pending in the circuit court for the Northern district of Illinois, between this same complainant and one Lally, the third claim of complainant's patent has been passed upon, and was declared to be void by Judge BLODGETT for want of novelty. Judge BLODGETT's opinion, filed March 22, 1886, is reported in 27 Fed. Rep. 88, and since the argument of this case I have been furnished by counsel with models of the Jenks injector, which was the instrument complained of in that case. From examination of the Jenks injector it appears that in every particular put in issue it more nearly resembles the Hancock injector

than the Eberman injector docs, which is complained of as an infringement of complainant's third claim in this suit. It is not contended that the evidence adduced in support of the complainant's third claim in the present suit is substantially different (except, perhaps, as to the construction put upon it by the patent experts) from the evidence affecting the same question in the *Lally Case*, or that the defenses are different; but the complainant's counsel urge that, whereas in the *Lally Case* they contended for a broad construction of the third claim, such as to cover in a water-feeding device any combination of an injector for feeding the water into the boiler with a second injector communicating with a water supply, and furnishing water to the first injector, that in the present case they contend for a narrower construction, limited to a device combining the two injectors, in the manner "substantially as described" in Hancock's specification and drawings; that is to say, so as to cover only a combination containing a closed chamber leading from the first injector to the second, of such form and size and juxtaposition as to convey the water to the second injector, not as a stream having the direction and velocity imparted to it by the first injector, but as a supply of water having merely the pressure derived from its delivery by the first injector, and resulting from its being confined in a closed chamber. It is apparent, however, that whatever distinction may be made between the construction of the third claim as contended for in the argument addressed to the court in the *Lally Case* and the argument now presented in this case, the question to be passed upon in judgment is the same. That court had before it as an alleged infringement an instrument in which the two injectors are as to position, shape, and operation combined more clearly in the manner described in complainant's specification than the Eberman instrument is; and the decision of the court was against the complainant. And although the court does decide against the validity of the third claim as a broad claim for the combination of two injectors,— one acting as a forcer, and the other acting as a lifter,—it does so because it is found from the evidence that the Giffard device, Fig. No. 2, was a practical working duplex injector combining a lifter and a forcer, and producing the same result as Hancock's, and differing only in the location of the operative parts. And because the court held that no such improved function or result followed from locating the two injectors as Hancock had arranged them as would render that arrangement a patentable invention.

It is contended in the case before this court (substantially upon the same evidence) that the adoption by the public of the Hancock injector as soon as it was put upon the market, and the failure for so many years by any one to make any use of the duplex device suggested in Fig. No. 2 of Giffard's specification, is almost conclusive proof that Giffard left a field for invention unoccupied which Hancock entered upon, and that, in contriving a duplex instrument which would work without the necessity of adjustment at varying pressures of steam, Hancock overcame a difficulty which had impaired the usefulness of the Giffard device and by invention obviated what before had been a serious limitation upon the use

of the Giffard invention. But evidence upon this very question was offered in the *Lally Case*. It seems to me obvious, therefore, that complainant's third claim can only be sustained by holding contrary to Judge BLODGETT's finding of fact that the Hancock combination does produce results so different from Giffards's as to have required invention. It is not a case in which the two instruments which are alleged to infringe so differ from each other that under a narrow construction of the third claim the instrument complained of in the present suit might be an infringement, while the instrument of the *Lally Case* would not, but, on the contrary, unless the instrument in the *Lally Case* is an infringement, the one complained of in this suit cannot possibly be. If this court should undertake to re-examine the findings and conclusions of the learned judge who decided the *Lally Case*, and should come to the conclusion that the third claim could be sustained for any combination made "substantially as described," the result would be that the Eberman injector would be enjoined in this district, while in the Northern district of Illinois the Jenks injector, which more nearly resembles the Hancock patented instrument, could be made and sold without hindrance. This is just exactly the confusion and uncertainty which it is the wise purpose of the comity between the United States circuit courts in patent cases to prevent. *Goodyear* v. *Willis*, 1 Flip. 388; *Chemical Works* v. *Hecker*, 2 Ban. & A. 351; *Purifier Co.* v. *Christian*, 4 Dill. 448; *Worden* v. *Searls*, 21 Fed. Rep. 406. The *Lally Case* has been appealed to the supreme court, and this one, I presume, will be, and the questions involved in both cases be there finally adjudicated. The bill must be dismissed.